STATE of Wisconsin, Plaintiff-Respondent,

v.

Luther WILLIAMS, III, Defendant-Appellant.

Supreme Court

*No. 00–3065–CR. Decided October 24, 2002.*

2002 WI 118

(Also reported in 652 N.W.2d 391.)

¶ 1. PER CURIAM.   The State of Wisconsin moves the court to reconsider its opinion in *State v. Luther Williams, III,* 2002 WI 58, 253 Wis. 2d 99, 644 N.W.2d 919. Essentially, the State seeks clarification of the standard to be employed when reviewing a claim that inadmissible hearsay violated the defendant's right of confrontation.

¶ 2.   To clarify the *Williams* opinion, we now modify ¶ 33 to read as follows:

> ¶ 33 The threshold question in examining whether a defendant's right to confrontation is violated by the admission of hearsay evidence is whether that evidence is admissible under the rules of evidence. *State v. Bauer,* 109 Wis. 2d 204, 210, 325 N.W.2d 857 (1982). If the

evidence does not fit within a recognized hearsay exception, it must be excluded. *Id.* Only after it is established that the evidence fits within a recognized hearsay exception or was admitted erroneously does it become necessary to consider confrontation. *Bruton v. United States,* 391 U.S. 123, 137 (1968); *Bauer,* 109 Wis. 2d at 210. Here, we determine that the lab report does not fit within the business records hearsay exception as the State asserts, but the admission was harmless error. Thus, we do not reach this confrontation issue because a determination of a Confrontation Clause violation does not result in automatic reversal, but rather is subject to harmless error analysis. *Delaware v. Van Arsdale,* 475 U.S. 673, 684 (1986). Even if Williams' right to confrontation was violated, the violation was harmless error.

¶ 3. The motion for reconsideration is denied without costs.