REBECCA FRANK DALLET, J. (concurring).
¶54 I agree with the majority that the "other acts" evidence of Joseph Reinwand's prior burglary was properly admitted and that Reinwand's counsel was not ineffective at trial or at sentencing. However, I write separately on the issues surrounding Reinwand's Sixth Amendment right to confrontation.
¶55 The majority concludes that all of the statements made by Dale Meister were not testimonial and therefore does not reach the certified questions. I agree with the majority that almost all of the statements are nontestimonial. However, the statement Meister made to Pastor Martin Baur is testimonial and therefore implicates Reinwand's Sixth Amendment right to confront the declarant. I therefore reach the issues certified by the court of appeals: (1) "whether the 'forfeiture by wrongdoing' doctrine applies at a homicide *732 trial where the declarant is the homicide victim, but where the defendant killed the declarant to prevent him or her from testifying at a separate proceeding"; and (2) "whether preventing the declarant from testifying must be the defendant's primary purpose for the wrongful act that prevented the declarant from testifying in that separate proceeding." State v. Reinwand, No. 2017AP850-CR, unpublished certification, 2018 WL 5094205 (Wis. Ct. App. July 26, 2018) (emphasis in original).
¶56 I conclude that for the forfeiture by wrongdoing doctrine to apply, the defendant must intend to prevent the declarant from testifying at a proceeding against the defendant, whether that proceeding is separate or otherwise. Because Meister, the declarant in this case, would not have testified in a proceeding against Reinwand, the *200 defendant, the forfeiture by wrongdoing doctrine does not apply. I further conclude that in light of the overwhelming evidence against Reinwand, including 14 other witnesses who testified regarding Meister's fear that Reinwand would harm or kill him, the circuit court's error in admitting Meister's statement to Pastor Baur was harmless.
A. Testimonial Statements
¶57 I begin with the question of whether the statements made by Meister were testimonial. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." The United States Supreme Court has clarified that the Confrontation Clause applies to statements that are testimonial in nature. See, e.g., Michigan v. Bryant, 562 U.S. 344, 354, 131 S. Ct. 1143, 179 L.Ed.2d 93 (2011). Statements are considered testimonial when the "primary purpose" of the conversation was to *733 "creat[e] an out-of-court substitute for trial testimony." Ohio v. Clark, --- U.S. ----, 135 S. Ct. 2173, 2180, 192 L.Ed.2d 306 (2015) (quoted source omitted). The Confrontation Clause generally bars the use of testimonial statements unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 54, 124 S. Ct. 1354, 158 L.Ed.2d 177 (2004). The Crawford court articulated three classes of "testimonial statements," only one of which is applicable to the statements at issue here: " 'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' " Id. at 52, 124 S. Ct. 1354 (quoted source omitted).[1]
¶58 In Clark, the United States Supreme Court recently affirmed that statements to persons other than law enforcement officers are subject to the Confrontation Clause. Clark, 135 S. Ct. at 2180. The United States Supreme Court held that for a statement to fall within the Confrontation Clause, the "primary purpose" of the statement must be testimonial. Id. The Court emphasized that in determining the "primary purpose" of a statement, a court must consider all of the relevant circumstances. Id. (quoting Bryant, 562 U.S. at 369, 131 S. Ct. 1143 ). Factors the circuit court must consider include the formality or informality of the situation and the context in which the statement is made, including whether the statement is made to someone who is "principally charged with uncovering and prosecuting criminal behavior." Clark, 135 S. Ct. at 2182. The question at the heart of the inquiry is *734 whether an ordinary person in the position of the declarant would have anticipated that the statement would be used to establish evidence to prosecute the defendant. See Bryant, 562 U.S. at 357, n.3, 131 S. Ct. 1143.
¶59 Almost all of the statements Meister made were nontestimonial: they were made to family and friends, in informal settings, and related generally to Meister's fears that Reinwand would harm or kill him. However, one statement stands apart from the rest. At trial, Pastor Baur testified about a statement Meister made in the time leading up to the mediation between Meister and Reinwand's daughter over visitation with their daughter, Reinwand's *201 granddaughter. Pastor Baur testified that during a visit at the church, Meister told him "that if he [Meister] came up dead, that the police should dig deeper because it would look staged." Pastor Baur said Meister provided the name "Joe Reinwand" and said that "Joe would be behind it."
¶60 In determining the primary purpose of the conversation at issue in Clark, the United States Supreme Court focused on whether the declarant knew that the statement would be used to arrest or punish the defendant and whether the declarant intended his statement to be used by the police or prosecutors. Clark, 135 S. Ct. at 2181. Unlike the other statements Meister made that expressed fear of death or bodily injury at the hands of Reinwand, Meister told Pastor Baur to go to the police so that they could investigate and subsequently prosecute Reinwand for Meister's murder. Meister also instructed Pastor Baur to tell the police it would look staged so that they would investigate fully and "dig deeper." Although it was not a formal complaint to the police, Meister sought out his pastor, someone who could be trusted to deliver a message to law enforcement. The statement had a *735 primary purpose-to be used as evidence to prosecute Reinwand for Meister's death. The fact that Meister himself did not go to police is inapposite. It is clear from the numerous statements made to family and friends that Meister genuinely feared that Reinwand would harm or kill him. As in Jensen, where this court determined that a letter and voicemail messages intended for the police were testimonial, the statement made to Pastor Baur was a statement intended to be repeated to the police for future prosecution. State v. Jensen, 2007 WI 26, ¶¶30-31, 299 Wis. 2d 267, 727 N.W.2d 518. Meister instructed Pastor Baur to go to the police and tell them that Reinwand had committed homicide.
B. Forfeiture by Wrongdoing
¶61 Having determined that the statement to Pastor Baur is testimonial, I next turn to whether Reinwand's Sixth Amendment rights were violated by the admission of Meister's statement to Pastor Baur. In Giles v. California, 554 U.S. 353, 361, 128 S. Ct. 2678, 171 L.Ed.2d 488 (2008), the United States Supreme Court held that a defendant forfeits his Sixth Amendment right to confrontation when he not only prevents a witness from testifying but also intended to prevent that witness from testifying. See also State v. Baldwin, 2010 WI App 162, ¶¶ 37-39, 330 Wis. 2d 500, 794 N.W.2d 769.
¶62 The issue here involves the requirement that the defendant intended to prevent the witness from testifying. The State cites to United States v. Gray, 405 F.3d 227, 241 (4th Cir. 2005), for the general proposition that the forfeiture by wrongdoing exception applies "without regard to the nature of the charges at the trial in which the declarant's statements *736 are offered." The State further asserts that several federal courts of appeals have applied the forfeiture by wrongdoing exception in cases where the murder that made the witness unavailable occurs before the other proceedings have begun. See, e.g., United States v. Stewart, 485 F.3d 666, 672 (2d Cir. 2007) ; United States v. Houlihan, 92 F.3d 1271, 1279 (1st Cir. 1996).
¶63 Even if this court accepts the premise that the mediation between Meister and Reinwand's daughter would result in future court proceedings, those proceedings would be between Meister and Reinwand's daughter. Reinwand would not be a party in those proceedings. The State provides no support for the proposition that the forfeiture by wrongdoing doctrine applies where the proceeding in which the declarant is made unavailable is not one *202 where the declarant would testify against the defendant. In Gray, the Fourth Circuit concluded that the forfeiture by wrongdoing doctrine applied when the defendant's wrongdoing "was intended to, and did, render the declarant unavailable as a witness against the defendant." Gray, 405 F.3d at 241 (emphasis added). "The common-law forfeiture rule was aimed at removing the otherwise powerful incentive for defendants to intimidate, bribe, and kill the witnesses against them-in other words, it is grounded in 'the ability of courts to protect the integrity of their proceedings.' " Giles, 554 U.S. at 372, 128 S. Ct. 2678 (emphasis added) (quoting Davis v. Washington, 547 U.S. 813, 834, 126 S. Ct. 2266, 165 L.Ed.2d 224 (2006) ). Because Meister would not have testified in a proceeding against Reinwand, the forfeiture by wrongdoing doctrine does not apply. Therefore, the admission of Meister's statement to Pastor Baur violated Reinwand's Sixth Amendment right to confrontation. *737 ¶64 Because I conclude that the forfeiture by wrongdoing doctrine does not apply, I decline to reach the second certified issue. However, I note that the United States Supreme Court has never required that preventing a declarant from testifying in a separate proceeding be the primary purpose for the wrongful act that prevented the declarant from testifying, and there is no support for that assertion in the case law.
C. Harmless Error
¶65 The determination that the admission of Meister's statement to Pastor Baur violated Reinwand's constitutional right to confrontation does not end the inquiry. State v. Williams, 2002 WI 118, ¶ 2, 256 Wis. 2d 56, 652 N.W.2d 391. Instead, I apply a harmless error analysis. Id."[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967). This court has articulated several factors to aid in the harmless error analysis, including: the frequency of the error; the importance of the erroneously admitted evidence; whether other evidence corroborates or contradicts the erroneously admitted evidence; whether other untainted evidence duplicates the erroneously admitted evidence; the nature of the defense; and the nature and overall strength of the State's case. See State v. Stuart, 2005 WI 47, ¶ 41, 279 Wis. 2d 659, 695 N.W.2d 259.
¶66 The evidence presented against Reinwand at trial included nontestimonial statements that Meister made to 14 other individuals regarding threats that Reinwand had made and Meister's fear that Reinwand was going to harm or kill him. These statements duplicated the inadmissible statement that Meister *738 made to Pastor Baur. Moreover, there was overwhelming evidence to convict Reinwand, including physical evidence linking him to the murder weapon and a similar bullet, as well as Reinwand's confession to the police. In light of all of the evidence admitted at trial, I conclude that the erroneous admission of Meister's statement to Pastor Baur was harmless beyond a reasonable doubt.
¶67 For the foregoing reasons, I concur.
¶68 I am authorized to state that Justices SHIRLEY S. ABRAHAMSON and ANN WALSH BRADLEY join this concurrence.

The two other classes of statements are "ex parte in-court testimony or its functional equivalent" and "extrajudicial statements ... contained in formalized testimonial materials." Crawford v. Washington, 541 U.S. 36, 51-52, 124 S. Ct. 1354, 158 L.Ed.2d 177 (2004).